ams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SHER G. DOWNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-2475-JAR |
| | ) | |
| HULSING HOTELS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Hulsing Hotels, Inc.'s Motion to Set Aside Order of Default (Doc. 7) and Motion for Leave to File Answer to Plaintiff's Complaint Out of Time (Doc. 9). Plaintiff has responded and opposes the motions. As explained more fully below, the Court grants defendant's motions.

### *Background*

The Complaint in this matter was filed on September 30, 2008 (Doc. 1). Service was executed on defendant on October 6, 2008; an answer or other responsive pleading was due by October 27, 2008.[1] No answer or other responsive pleading was filed by that date. On November 26, plaintiff filed a motion for default judgment and the Court entered a Clerk's Entry of Default pursuant to Fed. R. Civ. P. 55(a) (Doc. 4) on December 15, 2008. The electronic receipt shows that the Clerk's Entry of Default was only served upon plaintiff's counsel.

On January 13, 2009, defendant filed its motion to set aside entry of default and for leave to file its answer out of time. In its motion to set aside default, defendant represents that it did

---

[1]Fed. R. Civ. P. 12(a)(1)(A)(i); 6(a)(3).

not respond to the Complaint in this matter due to a miscommunication with its insurance

company.  Defendant attached the affidavit of John Schilling,[2] Midwest Regional Director for

Hulsing Hotels, who attests that he forwarded a copy of the Complaint and summons to

Philadelphia Insurance Company on October 15, 2008 and that a representative from that

insurance company contacted him soon after to obtain the name of the preferred legal counsel to

represent defendant in this matter.  Schilling provided the Philadelphia representative with the

name of defendant's preferred counsel and Schilling understood that Philadelphia would retain

counsel on behalf of defendant.  Schilling did not learn of his misunderstanding until January 6,

2009 and on that same date, Philadelphia retained counsel in this matter—the same law firm that

Schilling had requested as preferred counsel.  On January 13, 2009 this counsel filed the instant

motions.

***Motion to Set Aside Entry of Default***

Under Rule 55(c), the Court may set aside a Clerk's entry of default if good cause is

shown.  When making this determination, the Court must consider "whether the default was

willful, whether setting it aside would prejudice the adversary, and whether a meritorious

defense is presented."[3]  The Court need not consider all of these factors, but is mindful that

"willful failure alone may constitute sufficient cause for the court to deny the motion."[4]  The

standard is "fairly liberal because '[t]he preferred disposition of any case is upon its merits and

---

[2]Counsel is instructed to review the local rules and administrative procedures for filing exhibits to motions. These should be attached separately to the motion in the future and labeled accordingly.

[3]*See, e.g.*, *Guttman v. Silverberg*, 167 F. App'x 1, 3 (10th Cir. 2005).

[4]*Id.*

2

not by default judgment.'"[5]

The Court first considers whether the defendant's default was willful, or made with no excuse.[6]  There is absolutely no indication that defendant acted willfully in failing to answer the Complaint in this case.  Plaintiff urges that defendant has provided "no excuse" for the default; the Court disagrees.  Schilling's affidavit convinces the Court that the failure to answer or otherwise plead in this matter was due to a simple miscommunication between the defendant and its insurance company.  Schilling relied on a phone conversation with a representative of Philadelphia in which the representative asked Schilling for the name of  preferred counsel to defend it in this matter.  Within five days of discovering that counsel had not been retained, Philadelphia retained counsel for defendant who filed motions to set aside the Clerk's Entry of Default and to file an answer out of time.[7]  The Court is unable to find under these circumstances that the default was willful, or that there was no excuse for the default.

The Court is likewise unable to find that setting aside default would prejudice plaintiff.  No discovery has been conducted and the damages hearing has been postponed in light of defendant's motions.  No significant substantive motions have been necessitated by the default.  Given the preliminary stage of the case, the delay caused by the default is minimal.

Finally, the Court finds that defendant presents a meritorious defense.  Plaintiff asserts claims against defendant, her former employer, under the Employee Retirement Income Security

---

[5]*Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

[6]*See id.*

[7]Plaintiff suggests that defendant was culpable because it did nothing after the clerk's entry of default was filed.  But plaintiff fails to point the Court to any evidence that defendant was aware of the clerk's entry of default prior to January 6, 2009.

Act ("ERISA").  Specifically, plaintiff alleges that defendant failed to notify the ERISA plan administrator of plaintiff's termination within 30 days and that plaintiff was not given notice of her right to continue coverage under the group health plan.[8]  Plaintiff also asserts state law claims for wrongful discharge in violation of Kansas public policy and for retaliation in violation of Kansas public policy.  Defendant contends in its motion that: (1) plaintiff was terminated for good cause and not in retaliation for the acts complained of; (2) plaintiff was paid all wages owed; and (3) defendant did not provide group health insurance benefits to its employees under ERISA.  The Court need only consider "the allegations contained in the moving papers to determine whether the movant's version of the facts and circumstances supporting the dispute, if true, would constitute a defense to the action.  For purposes of this part of the motion, the movant's version of the facts and circumstances supporting his defense will be deemed to be true."[9]  The Court has examined defendant's proposed Answer attached to its motion for leave to file the answer out of time.[10]  Defendant asserts various general and specific denials, and a number of affirmative defenses to plaintiff's claims.  The Court finds that, if true, these allegations would constitute meritorious defenses to plaintiff's claims.

In sum, the Court has considered the relevant factors and finds good cause to set aside the Clerk's Entry of Default pursuant to Rule 55(c).

***Motion for Leave to File Answer Out of Time***

Defendant also seeks leave to file its Answer out of time (Doc. 9).  A request to file out

---

[8](Doc. 1 at 7.)

[9]*In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978).

[10](Doc. 9 at 8.)

of time requires a showing of excusable neglect.[11]   Excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.[12]   The determination of whether excusable neglect has been established is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission including, (1) the danger of prejudice, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect, and (4) whether that party acted in good faith.[13]

As described above under the Court's good cause analysis, the prejudice against plaintiff is minimal, as no discovery has been conducted and the substantive motions necessitated by the default have been minimal in scope.   The delay in seeking leave to answer is approximately two and one-half months after the original deadline of October 27, 2008.   But defendant sought leave to file within days of learning that Philadelphia had not, in fact, retained counsel to defend it in this litigation.   The Court has already considered the reasons for the delay and found that the default was not willful.   The fact that the delay in filing the answer was due to a clear miscommunication between defendant and its insurance company mitigates against any neglect on defendant's part in securing counsel and defending in a timely manner.   Therefore, the Court finds that defendant's motion to file its answer out of time should be granted.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Set

---

[11]*See* Fed. R. Civ. P. 6(b)(2); D. Kan. R. 6.1(a).

[12]*Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 391–92 (1993).

[13]*Id.* at 395; *see also Bishop v. Corsentino*, 371 F.3d 1203, 1206–07 (10th Cir. 2004); *City of Chanute v. Williams Natural Gas*, 31 F.3d 1041, 1046 (10th Cir. 1994).

Aside Order of Default (Doc. 7) and Motion for Leave to File Answer to Plaintiff's Complaint

Out of Time (Doc. 9) are granted. Defendant is directed to file the Answer attached to its Motion

for Leave forthwith.

Dated:  March 24, 2009

         S/ Julie A. Robinson_____
        JULIE A. ROBINSON
        UNITED STATES DISTRICT JUDGE